KANSAS PACKING Co., INC., Respondent, *v.* CITY OF NEW YORK et al., Appellants.

First Department, June 15, 1954.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel*, attorney), for appellants.

*Nathan H. Elman* of counsel (*Klein, Wikler & Gottlieb*, attorneys), for respondent.

*Per Curiam.* The record shows that a certain percentage of plaintiff's products are procured *in* the city of New York and also *sold in* the city where plaintiff has its establishment; such sales are exclusively in *intra*state commerce and accordingly subject to the local law in question (italics ours throughout). Local dealers in this merchandise who act solely in *intra*state commerce are not under the Secretary of Agriculture's regulations and not affected by the judgment. As to them, accordingly, section 140a of the Sanitary Code of the City of New York remains in full force and effect. Plaintiff, insofar as it deals with similar products solely in *intra*state commerce, should not be given an advantage when selling *in*

the State where its plant is located products purchased or procured *in* the State so as completely to avoid the local law enforced against all other merchants, who engage in *intra*state commerce. In the state of facts before us, Congress did not intend completely to occupy the field involved. On the contrary, the Meat Packing Act (U. S. Code, tit. 21, § 87) expressly makes an exception with regard to persons who transport or sell meat *in* a State in which the establishment is located. Hence the municipality has in its police power the right to regulate the quantity of water in corned beef briskets insofar as its regulation affects solely *intra*state commerce.

On the facts disclosed, however, the trial court properly found that section 140a of the Sanitary Code making it unlawful to " bring into " the city or to " keep " in the city corned beef briskets containing added water greater than 10% of the weight of the meat, conflicts with the Federal law permitting 20% of water and infringes on Federal policy *so far as interstate commerce is concerned.* But we think the second decretal of the judgment is in its terms too broad and should be modified or clarified so as to strike down section 140a as void *only* insofar as it violates plaintiff's rights and privileges in interstate commerce, and to uphold its validity as to plaintiff's activities in intrastate commerce, that is as to all corned briskets of beef plaintiff purchases in the State. and sells in the city; and as so modified the judgment should be affirmed. without costs.

PECK, P. J., DORE, CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice.