Bernard Nadel, J.
This is an action to have sections 81.48 and 81.49 of the New York City Health Code declared ■unconstitutional.
In April, 1967 there was an outbreak of .salmonellosis in the City of New York, which was traced to a frozen dessert that contained an unpasteurized egg product. On November 16,1967 the New York City Health Code was amended as follows:
*635 “ § 81.48 Broken out eggs; liquid or frozen; pasteurization required
‘ ‘ No broken out liquid or frozen eggs whether .mixed or separated as yolks or whites, with or without ¡salt or sugar added, shall be brought into, produced, held, sold or offered for sale in the City of New York unless they have been pasteurized or treated so as to destroy all viable .salmonella microorganisms in accordance with the regulations promulgated by the Secretary of Agriculture of the United States pursuant to the authority contained in the Agricultural Marketing Act of 1946, 7 U. S. C. 1621, et seq. or by any .State governmental agency, provided that the regulations of such agency are, .in the opinion of the Department, equivalent to the aforesaid regulations of the Secretary of Agriculture of the United States.
‘ ‘ notes : This section is new. It was added by resolution adopted on November 16,1967.”
“ § 81.49 Broken out eggs; labeling
1 ‘ No broken out liquid or frozen eggs shall be brought into the City or received in any food establishment unless the container is labeled or marked with indelible ink to indicate the date when, and the place where, the eggs were broken, together with the name of the owner of the egg breaking establishment or the name and address of the person from whom such eggs were broken ¡out, the word ‘ pasteurized ’ and the inspection legend of the United States Department of Agriculture or of the State governmental agency under whose supervision such eggs were pasteurized in accordance with Section 81.48.
“ notes: This section was amended by resolution adopted on November 16, 1967, which added the words ‘ liquid or frozen ’ and the phrase ‘ the word * * * Section 81.48.’
“ Resolved further, That this resolution .shall take effect July 1, 1968.” (The City Record, Dec. 8, 1967, p. 7940.)
The United States Secretary of Agriculture, pursuant to authority in subdivision (h) of .section 1622 of title 7 of the United States Code provides a ¡service for voluntary continuous inspection of egg products, and the placing of a legend upon ■said products indicating that they have been inspected and processed under the supervision of a United States Department of Agriculture licensed Inspector. Subdivision (h) of section 1622 specifically provides, “ except that no person shall be required to use the .service authorized by this .subsection ”.
The United States Food and Drug Administration, under statutory authority in sections 341 and 371 of title 21 of the United States Code providing for standards of identification, has issued a ¡standard of identity for liquid and frozen eggs *636 in part 42 of title 21 of the Code of Federal Regulations (as amd. March 19, 1966, 31 Federal Register 4677). Section 42.10 covers liquid eggs and section 42.20 covers frozen eggs. These sections require that liquid and frozen eggs he ‘ ‘ pasteurized or otherwise treated to destroy all viable Salmonella microorganisms.”
Plaintiffs, wholesale egg dealers, ship liquid and frozen eggs in interstate and intrastate commerce. Plaintiff Aiders imports liquid and frozen eggs from England and ships said egg products, in the original cans, throughout the United States. Plaintiffs testified that there is a price differential of at least 5 cents per pound between legended and nonlegended liquid and frozen eggs. The court notes, however, that, among the numerous exhibits, there are future delivery contracts of plaintiff Ahlers which provide for an additional 2 cents to 2% cents per pound, if plaintiff has to comply with the New York City legending requirement.
The New York City Health Code mandates continuous inspection and legending of liquid and frozen eggs in accordance with the regulations promulgated by the United States Secretary of Agriculture, or by any State governmental agency whose regulations, in the opinion of the New York City Health Department, are equivalent to the regulations of the United States Secretary of Agriculture. There is no evidence that the New York City Health Department has approved any State governmental agency regulations. None of the States mandate the use of the service provided by the United States Secretary of Agriculture pursuant to section 1621 et seq. of title 7 of the United States Code.
Plaintiffs contend that sections 81.48 and 81.49 of the New York City Health Code interfere with, burden and discriminate against interstate commerce and that Congress, by providing a standard of identity for liquid and frozen eggs and offering a service, for continuous inspection and legending of egg products, which is voluntary, not mandatory, has pre-empted the field. Plaintiffs further'argue that these regulations are discriminatory in that they do not apply to all egg products.
Defendants contend that section 81.48 is not inconsistent with the Federal standard of identity for frozen and liquid .eggs; that it virtually restates it; that section 81.49 does not pre-empt subdivision (h) of section 1622 of title 7 of the United States Code, and that the city regulations supplement the Federal regulations and are a proper exercise of the police powers of the City of New York.
*637 The oases cited by plaintiffs in support of their complaint that the city regulations are discriminatory are not in point. Those cases hold that a State or municipality exceeds the limits of its police powers when it acts to insulate its citizens from outside competition. The New York City regulations do not erect an economic barrier protecting a major local industry from competition from outside the State (Dean Milk Co. v. Madison, 340 U. S. 349). Nor do they limit competition to protect local economic interests (Hood & Sons v. Du Mond, 336 U. S. 525). The City of New York has not violated the equal protection clause by regulating liquid and frozen eggs and not regulating other egg products. “ It is no requirement of equal protection that all evils of the same genus be eradicated or none at all ” (Railway Express v. New York, 336 U. S. 106, 110). “ The legislature may select one phase of one field and apply a remedy there, neglecting the others.” (Williamson v. Lee Optical Co., 348 U. S. 483, 489.)
The question in this case is whether the City of New York may forbid to interstate commerce liquid and frozen eggs which meet the Federal standard of identity, unless said egg products are inspected and legended by the service authorized pursuant to subdivision (h) of section 1622 of title 7 of the United States Code which specifically states that “ no person shall be required to use the 'Service authorized by this subsection ”.
In Quaker Oats Co. v. City of New York (295 N. Y. 527) the court reviews and discusses some of the cases where the assumption of Federal power is exclusive and some where it is not, and finds the differentiation to be narrow. The court states (p. 536): “ Turning to the case at hand, it is our conclusion that the local provision is inconsistent with the requirements of the Federal law, for, as we view it, the city forbids to interstate commerce what the government has authorized * * * and (p. 537): Quite obviously, the ordinance does not supplement the Federal prescription; rather, it infringes upon it. Simply put, the government sanctions the use of hermetically sealed containers; the city adds a further requirement and burden. To paraphrase what was said in the Cloverleaf case ([315 U. S. 148], p. 158) and the McDermott case ([228 U. S. 115], p. 133), 1 to permit such regulation as is embodied in this statute is to permit ’ a city £ to discredit and burden legitimate Federal regulations of interstate commerce, to destroy rights arising out of the Federal statute which have accrued both to the Government and the shipper, and to impair the effect of the Federal law.’ ”
*638 In the case at bar, the court concludes that sections 81.48 and 81.49 of the New York City Health Code are inconsistent with the requirements of the Federal law, for they forbid to interstate commerce what the Federal Government authorizes. Frozen and liquid eggs that are pasteurized or otherwise treated to destroy all viable Salmonella micro-organisms comply with the Federal standard of identity (Code of Fed. Reg., tit. 21, §§ 42.10, 42.20; 31 Federal Register 4677) and are sanctioned by the Federal authority in interstate commerce. The New York City Health Code mandates a further requirement and burden — the use of a service which the Federal authority specifically states is not to be mandated. These section's of the Health Code do not .supplement the Federal prescription; rather they infringe upon it.
Sections 81.48 and 81.49 of the New York City Health Code are unconstitutional and void insofar as they violate plaintiffs’ rights and privileges in interstate commerce. They are constitutional and valid as to plaintiffs’ activities in intrastate commerce (Kansas Packing Co. v. City of New York, 284 App. Div. 398, affd. 309 N. Y. 696).